[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2009
THOMAS K. KAHN
CLERK

No. 08-16712
Non-Argument Calendar

_____

Agency Nos. A095-264-794, A095-264-795

LORENZO FRANCISCO-NICOLAS,
ANGELINA MATIAS-DIEGO,
EULALIA REGINA FRANCISCO-MATIAS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 18, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Lorenzo Francisco-Nicolas ("Francisco"), his wife, Angelina Matias Diego, and their minor daughter, Eulalia Regina Francisco-Matias (collectively, "Petitioners"), natives and citizens of Guatemala, through counsel, petition for review of the Board of Immigration Appeals' ("BIA") final order affirming the immigration judge's ("IJ") denial of asylum and withholding of removal under the INA. On appeal, the Petitioners assert that the BIA erred and abused its discretion in affirming the IJ's decision denying the Petitioners' applications for relief. They argue that they established by clear and convincing evidence that Francisco, a Mayan, was the subject of past persecution and would be subject to future persecution if returned to Guatemala on account of his membership in that indigenous group.[1]

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, the BIA agreed with but did

---

[1]     The Government asserts that we lack jurisdiction to hear the Petitioners claims (1) that Francisco suffered past persecution in Guatemala because they failed to raise the claim before the BIA, and (2) that Francisco suffered past persecution or has a well-founded fear of future persecution on account of his Mayan ethnicity because they failed to argue the issue before the IJ. We disagree. First, Francisco specifically stated that he suffered past persecution in his brief on appeal to the BIA. Second, Francisco indicated from the beginning in his asylum application that he was entitled to relief on the basis of race. The fact that he later referred to his "Mayan ethnicity," or his membership in an "indigenous group," as his basis for relief rather than his "race" is not important in the analysis, because it was clear that his claims stemmed from the fact that he is Mayan. Accordingly, we find that Francisco sufficiently exhausted these issues before the agency and, therefore, we have jurisdiction to hear his claims.

not expressly adopt the IJ's opinion. Therefore, we review just the BIA's decision.

The BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (citations and internal quotations omitted). We cannot find or consider facts not raised in the administrative record, nor can we reweigh the evidence from scratch. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). We cannot reverse the BIA's factual findings unless the record compels it, and the fact that the record also supports the petitioner's case is not enough to reverse. Id. at 1029.

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

3

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Id. at 1284.

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground, or (2) a "well-founded fear" that the protected ground will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005); 8 C.F.R. § 208.13(b)(1). To otherwise establish a well-founded fear, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. An alien must establish a nexus between a statutorily protected ground and the feared persecution by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the protected ground. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). The asylum applicant need not show that he will be singled out for persecution, however, if he establishes (1) "that there is a pattern or practice" in his country of persecuting a group of persons similarly situated to him on account of a protected ground, and (2) a reasonable fear of persecution based upon his inclusion in, and identification with, such group of persons. 8 C.F.R. § 208.13(b)(2)(iii).

4

To qualify for withholding of removal under the INA, an alien must show that, if returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3). If a petitioner is unable to meet the standard of proof for asylum, he is generally precluded from qualifying for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

Substantial evidence supports the BIA's conclusion that the Petitioners failed to show past persecution on account of a protected ground. Francisco does not claim that he was harmed or threatened in any way during the time his father was killed, and there is no evidence in the record to suggest that the guerillas targeted him or even his father because of ethnicity, membership in a particular social group, or any other protected ground.

Substantial evidence also supports the BIA's conclusion that the Petitioners failed to show a well-founded fear of future persecution on account of a protected ground. While the Country Report indicates that members of indigenous groups are subject to pervasive discrimination, the record does not compel the conclusion that Francisco has good reason to fear mistreatment that would rise to the level of persecution in Guatemala based on his membership in an indigenous group.

Because Petitioners have failed to establish that they suffered from past persecution or have a well-founded fear of future persecution on account of

5

Francisco's status as an ethnic Mayan, they are not entitled to asylum relief.

Because the Petitioners failed to meet the standard of proof for asylum, they are

precluded from qualifying for withholding of removal.  Accordingly, we must deny

the petition.

**PETITION DENIED.**[2]

---

[2]     Petitioners' request for oral argument denied.